**Jimmy D. HENLEY, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 94–5150.

United States Court of Appeals, Sixth Circuit.

Argued March 7, 1995.

Decided June 21, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Aug. 28, 1995.

because the hearing occurred after his period of insurability ended. We agree with this determination and affirm the district court's judgment, granting summary judgment to the Commissioner and thereby affirming the Commissioner's decision to deny benefits to the claimant.

D.C. Daniel, Jr. (argued and briefed), Daniel, Burton & Thomas, Murfreesboro, TN, for plaintiff-appellant.

Robert C. Watson (argued), Michael L. Roden, Asst. U.S. Attys., Office of the U.S. Atty., Nashville, TN, Mack A. Davis, Laurie G. Remter (briefed), Bruce Granger, Mary Ann Sloan, and Holly A. Grimes, Dept. of Health and Human Services, Office of Gen. Counsel, Atlanta, GA, for defendant-appellee.

Before: NELSON and DAUGHTREY, Circuit Judges; CHURCHILL, District Judge.*

DAUGHTREY, J., delivered the opinion of the court, in which NELSON, J., joined. CHURCHILL, D.J. (pp. 213–14), delivered a separate dissenting opinion.

DAUGHTREY, Circuit Judge.

In this Social Security benefits appeal, we are asked to extend our holding in *Difford v. Secretary of Health and Human Services*, 910 F.2d 1316 (6th Cir.1990), to a fact situation that appears—on first reading, at least—to be the same as that in *Difford* but which is, in fact, wholly distinguishable. In *Difford*, we held that upon reconsideration of the termination of disability insurance benefits, the dispositive question is the claimant's condition on the date of the hearing, not the date of the termination of benefits. *See Difford*, 910 F.2d at 1320. In this case, the administrative law judge, the Appeals Council, the magistrate judge, and the district court all found that the claimant's condition at the time of the hearing was irrelevant,

## 1. *Factual and Procedural Background*

The claimant, Jimmy D. Henley, a 54–year-old man with a seventh-grade education, performed "past relevant work" as a drywall hanger until July 1979. On his third application, he was finally awarded disability benefits in 1981 because of a joint condition that required a bilateral osteotomy of his knees. A continuing disability review was conducted in 1983, and at that time, the Commissioner found that Henley had recovered from his knee surgery and, despite his other impairments,[1] that he was no longer disabled as of May 1983. His benefits therefore ended in July 1983.

After the Commissioner discontinued benefits based on the claimant's 1983 condition, an administrative law judge assigned to the case and the Appeals Council refused to reconsider the termination of benefits. However, following the class action in *Samuels v. Heckler*, 668 F.Supp. 656 (W.D.Tenn.1986), the appellant's benefits were temporarily reinstated pending another review under *Samuels*, because he was a member of the affected class. Following a hearing in January 1988, the administrative law judge reaffirmed the termination of benefits, finding that Henley had not become disabled by the last date of his insured status, March 31, 1986.

At the 1988 hearing, the judge was convinced that Henley's problem was largely obesity and lack of motivation. He considered whether Henley's obesity would meet the requirements of Listing of Impairment 10.10 of 20 C.F.R. Part 404, Subpart P, Appendix 1 before the last date of his insurability on March 31, 1986, but found that the

---

* The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. In 1983, a consulting doctor found Henley grossly obese, based on his weight of 270. Henley also had mild arthritis and low back pain. The doctor indicated that Henley could walk or stand for two to three hours a day, could sit for eight hours a day, but should avoid repetitive bending and lifting.

claimant failed to establish that his obesity, in conjunction with his other impairments, met the requirements of Listing 10.10 by that date.[2]

The Appeals Council, and later the district court, affirmed the decision of the administrative law judge. This court, however, remanded the case to the Commissioner in light of its intervening decision in *Difford v. Secretary of Health & Human Servs.*, 910 F.2d 1316 (6th Cir.1990), requiring the Commissioner to consider whether a claimant was disabled on the date of the hearing rather than on the date of termination of benefits.

After reconsidering the case, the administrative law judge again denied benefits, finding that even if Henley were disabled at the time of the 1988 hearing, he did not become disabled before March 31, 1986, the date that he was last insured for disability purposes. The Appeals Council denied review. Henley then returned to district court, where his case was referred to a magistrate judge. Reasoning that one must be insured to receive disability benefits, *see* 42 U.S.C. § 423(a) & (d), the magistrate judge also found *Difford* inapplicable to Henley's case and evaluated the claimant's disability as of the last date of insured status. The magistrate found that substantial evidence supported the administrative law judge's finding that as of March 1986, Henley could perform sedentary work, available in a significant number of Middle Tennessee jobs. The district court, in turn, denied Henley's motion

for summary judgment and granted summary judgment to the Commissioner, relying exclusively on the reasoning of the magistrate judge.

### 2. *Analysis*

On appeal, the claimant asserts that the Commissioner erred by failing to consider his disability on January 20, 1988, the date of the final termination hearing. He argues that this court's opinion in *Difford* requires an administrative law judge reconsidering termination of benefits to evaluate the claimant's condition at the date of the hearing, not the date of the termination of benefits. The *Difford* court decided that this conclusion was mandated by the language of 42 U.S.C. § 423(f), which requires consideration of a claimant's "current" condition before the Commissioner can terminate benefits. *See Difford*, 910 F.2d at 1320. Urging application of *Difford* to this case, the claimant argues that he was disabled at the time of the hearing on January 20, 1988, because he was sufficiently obese to qualify for benefits under Listing of Impairment 10.10 of 20 C.F.R. Part 404 Subpart P, Appendix 1.[3]

■ The Commissioner, however, responds that the Social Security Act and regulations require that a claimant must establish that he was disabled while insured.[4] *See* 42 U.S.C. § 423(a) and (d); *see also Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir.1990). The Commissioner insists that in *Difford*, the claimant's insured status was not an issue,

---

**2.** The administrative law judge also considered other testimony by the claimant concerning his condition dating back to mid-1983, when his disability benefits ended. Henley indicated that in 1983, he would take his wife to work and his children to school, come home, and not exert himself. He took only aspirin for pain. He stated that 20 minutes was as long as he could be on his feet. He believed that he exceeded 300 pounds by about 1984. Henley testified that currently he needed help putting on his shoes and with personal hygiene. He had bursitis as well as muscle cramps, and had visited the emergency room three times for a racing heart, although he never visited a cardiologist.

After 1983, the claimant had not seen a doctor again until 1987, when he was admitted to the hospital for tachycardia. Since 1987 his recorded weight was over 300 pounds. A 1987 consulting physician's report indicated that Henley

could stand or walk three hours a day and sit eight hours a day, with occasional bending and reaching. He could lift 50 pounds occasionally and 25 pounds frequently. In 1988, his treating physician indicated that he could sit two to four hours and perform sedentary work, with occasional bending and reaching.

**3.** Listing 10.10 identifies a man of Henley's height (five feet, seven inches tall) and weighing 294 pounds or more as obese and presumptively disabled if he has a history of "pain and limitation of motion in any weight-bearing joint". 20 C.F.R. § 404.1525.

**4.** Insurability is a prerequisite to receipt of disability benefits but not to receipt of SSI benefits. *See* 20 C.F.R. § 404.101(a); 20 C.F.R. § 416.202. The record indicates that after Henley's disability benefits were discontinued, he began receiving $500 a month in SSI benefits.

whereas in this case, Henley lost insured status before the reconsideration hearing. The Commissioner argues that consideration of the claimant's condition beyond the date on which he lost insurability would violate the benefits eligibility requirement of 42 U.S.C. § 423(c). In addition, the Commissioner emphasizes that Henley's attorney agreed during the 1991 reconsideration hearing that the relevant time period was the period from July 1983 through March 1986, during which Henley was insured for disability benefits. The record fully supports this proposition.

 We conclude that the administrative law judge properly limited consideration of Henley's condition to the last date of his insurability under 42 U.S.C. § 423(c), which defines the eligibility requirements for insured status. When one loses insured status, one is simply no longer eligible for benefits for disability arising thereafter. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir.1990). Thus, in this case *Difford* is inapplicable because the claimant lost his insured status before the reconsideration hearing.[5] It follows that any argument that the claimant had gained enough weight *since* 1986 to meet Listing of Impairment 10.10 is irrelevant. The magistrate judge so held, in an extensive, well-researched, and well-stated opinion, which the district court was fully justified in adopting as a basis for granting summary judgment in the Commissioner's favor.

 We also agree with the magistrate judge's finding that there is no other ground established by the claimant on which to base a finding of disability on or before March 31, 1986. Under 42 U.S.C. § 423(f), a recipient may lose disability benefits if substantial evidence shows that medical improvement has occurred and that the recipient can engage in substantial gainful activity. By May 1983, the claimant in this case had healed from his earlier surgery, had a full range of motion in both knees, and could walk or stand for two to four hours without assistance. According to two doctors, he could perform sedentary work. The doctors' reports did not support Henley's alleged need to lie down for two hours at a time during the day. Moreover, Henley's allegations of pain are inadequately supported by the record, under the standard set out in 20 C.F.R. § 404.1529. Finally, because he saw no doctors between 1983 and 1986 and, hence, could not prove that he became sufficiently obese before the end of his insured status in 1986, Henley is ineligible for benefits under Listing 10.10.

For the reasons stated above, we AFFIRM the judgment of the district court granting summary judgment to the Commissioner and dismissing the claimant's case.

CHURCHILL, District Judge, dissenting.

I respectfully dissent.

There is substantial evidence to support a finding that Henley was not disabled as of March 31, 1986, the date his insurability ended. The record, however, clearly establishes that Henley was disabled at the time of his termination hearing in 1988.

In *Difford v. Secretary of Health and Human Services*, 910 F.2d 1316 (6th Cir.1990), the court, construing 42 U.S.C. § 423(f), ruled that in a termination case disability must be determined as of the time of the hearing.

The majority in this case holds that *Difford* has no application if the individual's insured status has expired prior to the hearing. There is nothing in *Difford* to suggest that the date insured status expired was a significant factor. I would, therefore, treat *Difford* as a binding precedent in this case.

Even if *Difford* is not a binding precedent in this case, it is my opinion that the language of § 423(f), which is carefully analyzed in *Difford*, requires that Henley's disability determination be based upon his physical condition at the time of the hearing.

---

5. In view of the position taken by the dissent, it should be emphasized that on March 31, 1986, the date that Henley's insured status expired, he had not received benefits since July 1983. Although payments resumed after *Samuels v. Heckler* was decided in August of 1986, the temporary resumption of benefits after insured status expired did not prevent the Commissioner from later terminating benefits after it was determined that Henley was not, in fact, disabled from May 1983 to March 1986, when his insured status ended.

Section 423(a), upon which the majority relies, governs the establishment of entitlement to disability benefits, not the continuation thereof once established.[1] Continued insured status is not a statutory prerequisite to entitlement to continue receiving disability benefits.

There is no fair or logical reason for the court to create an exception to § 423(f) just because insured status is a prerequisite to establishing entitlement to benefits.

For the foregoing reasons I would remand for entry of an order mandating the reinstatement of benefits as of the effective date of cessation.

---

1. The majority, in response to this dissent, reiterates that it is legally significant that the plaintiff's benefits were terminated in July 1983. (See footnote 5). Herein lies the root of the error of the Commissioner's position which the majority adopts. The effect of *Samuels* was to put the plaintiff back into the position he would have been in had an illegal standard not been used to terminate his benefits. Thus, the focus of the subsequent termination hearing under § 423(f) was not on whether he was eligible for benefits for disability arising after his insured status expired but, rather, on whether there had been such a medical improvement in the plaintiff's physical or mental impairment, or combination thereof, that he could now engage in substantial gainful activity. The statute, the applicable regulations and this court's decision in *Difford* required that this determination be made with all evidence available at the time of the termination hearing.