**Hunter L. TODD, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant– Appellee.**

**No. 02–1057.**

United States Court of Appeals, Sixth Circuit.

Aug. 8, 2002.

---

* The Honorable James G. Carr, United States

Before KEITH and DAUGHTREY, Circuit Judges; CARR, District Judge.*

*ORDER*

Hunter L. Todd appeals pro se from a district court judgment that affirmed the

District Judge for the Northern District of

denial of his application for social security disability benefits. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon review, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Todd was forty-five years old when his insured status expired in 1993. A hearing was held on his disability claim in 1996, and an administrative law judge ("ALJ") found that he was not disabled because he did not have a severe impairment before his insured status expired. However, the case was remanded for further development of the record and a new decision.

A new hearing was held in 1998. A different ALJ subsequently found that Todd had severe impairments, which consisted of "a digestive disorder, problems with hemorrhoids, and complaints of left shoulder and left arm pain," even though his condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. However, the ALJ also found that Todd was not disabled because he was able to perform his past work during the time that he remained insured. This opinion became the final decision of the Commissioner on December 8, 2000, when the Appeals Council declined further review.

Todd filed a complaint in federal court, and a magistrate judge recommended that summary judgment be awarded to the Commissioner. The district court adopted this recommendation and dismissed the case on December 19, 2001. It is from this judgment that Todd now appeals.

■ As an initial matter, we note that Todd has attached several documents to his briefs that were not included in the administrative record. However, he did not seek a remand for administrative re-

view of these documents, and they cannot provide a basis for reversing the Commissioner's decision as they were not part of the record that was before the ALJ. *See Foster v. Halter,* 279 F.3d 348, 357 (6th Cir.2001); *Cline v. Commissioner of Soc. Sec.,* 96 F.3d 146, 148 (6th Cir.1996).

This court must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Accordingly, this court may not try the case de novo, nor resolve conflicts in evidence, nor decide questions of credibility.

*Walters v. Commissioner of Soc. Sec.,* 127 F.3d 525, 528 (6th Cir.1997) (citations and internal quotation marks omitted). The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if we might have decided the case differently based on substantial evidence to the contrary. *Her v. Commissioner of Soc. Sec.,* 203 F.3d 388, 389–90 (6th Cir. 1999). To receive social security disability benefits, Todd must show that he was disabled for a continuous period of twelve months between June 13, 1985, when he allegedly became disabled, and June 30, 1993, when his insured status expired. *See Henley v. Commissioner of Soc. Sec.,* 58 F.3d 210, 212–13 & n. 4 (6th Cir.1995); *Bogle v. Sullivan,* 998 F.2d 342, 346 n. 2 (6th Cir.1993).

■ Todd's current arguments primarily involve injuries that he received in 1985, when he was working on a truck that rolled over him. The ALJ found that

Ohio, sitting by designation.

Todd had retained the capacity to perform light work despite his injuries. *See* 20 C.F.R. § 404.1567(b) (1993). This finding is supported by the medical record for the period in which Todd remained insured. No exertional limitations were placed on his ability to work during that period, and the medical reports that followed the truck accident do not reveal any significant orthopedic damage. Instead, Dr. Michael Wood diagnosed Todd as having an "abrasion type injury to his left arm and forearm" and an "[a]brasion injury to the left flank area." X-rays indicated that Todd did not have any fractures or dislocations, and Dr. Wood reported that he regained full range of motion and full extension of his left arm and elbow only three months later.

Todd argues that the ALJ did not give sufficient deference to a 1996 chiropractic report and a 1996 report by Dr. Walid Harb, which indicted that he was significantly limited in his ability to perform many work-related activities. The ALJ was not required to give the chiropractic report special deference because the regulations treat it as a non-medical source. *See Walters*, 127 F.3d at 530–31. In contrast, we will assume that Dr. Harb was one of Todd's treating physicians. A treating physician's opinion is afforded great weight if it is consistent with the evidence and supported by sufficient clinical findings. *Id.* at 529–30. Nevertheless, an ALJ is not bound by a treating physician's opinion if there is substantial evidence to the contrary. *Id.* at 530.

Dr. Harb did not indicate that Todd was significantly limited by his impairments until 1996, more than three years after his insured status had expired, and his assessment is not directly supported by reference to any specific clinical finding within the insured period. Moreover, Dr. Harb's assessment is not consistent with the report of Dr. Choon Soo Rim, who conducted a neurological examination in 1998 and determined that Todd's impairments did not affect his ability to perform any of the major postural or physical requirements of work-related activities. Thus, we conclude that the ALJ gave adequate deference to Dr. Harb's opinion by finding that Todd could perform only light and sedentary work. *See id.* at 530; *Bogle*, 998 F.2d at 348.

A 1998 psychological report indicates that Todd may now have a significant non-exertional impairment. However, the ALJ properly noted that there was no evidence of a severe psychological impairment prior to June of 1993, when Todd was last insured. We note that Todd testified in 1996 that he was not seeing a psychiatrist or taking any kind of psychiatric medications. He also testified that he had never claimed that he was unable to work because of any mental or emotional problems.

Todd had the burden of showing that he lost the ability to perform his past work before his insured status expired. *See Walters*, 127 F.3d at 529. The relevant inquiry is whether he could still perform that type of work and not necessarily the specific jobs that he had in the past. *See Studaway v. Secretary of Health and Human Servs.*, 815 F.2d 1074, 1076 (6th Cir. 1987).

A vocational expert testified that Todd's past work as a substitute teacher and an adult education teacher had been semi-skilled to skilled and that it had required a light level of exertion. The vocational expert indicated that Todd could have performed this work, even if it were assumed that he had a light to moderate bilateral

shoulder limitation. In light of the medical evidence described above, this testimony provides substantial support for the ALJ's ultimate determination that Todd was not disabled because he could still perform his past relevant work during the time that he remained insured. *See Walters,* 127 F.3d at 532; *Bogle,* 998 F.2d at 348–49.

The ALJ asked the vocational expert if any other jobs would have been available to Todd if it were assumed that he had a bilateral shoulder limitation and difficulty in working with or around other people. The assumptions in this hypothetical question were supported by substantial evidence. *See Foster,* 279 F.3d at 356–57; *Cline,* 96 F.3d at 150. In response, the vocational expert identified approximately 50,000 jobs that would have been available to Todd in the state where he resided. This testimony supports an alternate finding that Todd was not disabled because a significant number of jobs were available to him during the insured period. *See Harmon v. Apfel,* 168 F.3d 289, 291–92 (6th Cir.1999).

We have considered Todd's other arguments and they are all unavailing.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.