38 F.3d 1215
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Phyllis J. CAMPBELL, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-5282.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1994.
 
 1
 Before: KENNEDY and JONES, Circuit Judges, and DEMASCIO, District Judge.*
 
 ORDER
 
 2
 Phyllis J. Campbell appeals a district court judgment which affirmed the Secretary's denial of her application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Campbell alleged that she became disabled on January 22, 1992, due to the residual pain from a mastectomy and lymphadenectomy. An Administrative Law Judge ("ALJ") found that Campbell had a severe impairment, even though her condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations. However, the ALJ also found that Campbell's testimony was not completely credible and that she was not disabled because she could still perform her past relevant work as a machine operator and cashier. The ALJ's opinion became the final decision of the Secretary on June 10, 1993, when the Appeals Council declined further review.
 
 
 4
 Campbell's case was referred to a magistrate judge, who recommended that summary judgment be entered in favor of the Secretary. On January 26, 1994, the district court adopted the magistrate's recommendation over Campbell's objections, and granted the Secretary's motion for summary judgment. It is from this judgment that Campbell now appeals.
 
 
 5
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 6
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993).
 
 
 7
 The strongest evidence in Campbell's favor is a letter written by her treating physician, Dr. Lawrence E. Gordon, which indicates that she underwent a radical mastectomy and reconstruction of her right breast in 1987. Dr. Gordon reported that Campbell subsequently experienced discomfort in her right shoulder, armpit and arm, which prevented her from lifting heavy objects and which incapacitated her to the point that she could not continue to work. As Dr. Gordon could find no other cause for Campbell's pain, he concluded it had arisen from her mastectomy and lymphadenectomy. He opined that Campbell would have a chronic problem with pain for the rest of her life.
 
 
 8
 Campbell now argues that this report requires a finding of disability. It appears, however, that Dr. Gordon primarily restricted Campbell from jobs that would involve heavy lifting, and not from the light and sedentary jobs that the ALJ found she could perform. In addition, the Secretary is not bound by a physician's opinion, even that of a treating physician, if there is substantial evidence to the contrary. Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927 (6th Cir.1987) (per curiam).
 
 
 9
 In the present case, Dr. Gordon's report is contradicted somewhat by that of a consulting physician, Dr. Helena P. Perry. Dr. Perry found that Campbell's pain reduced her residual functional capacity from medium to light work. She indicated that Campbell could lift 20 pounds occasionally and 10 pounds frequently, that she could walk six hours and sit six hours in an eight-hour workday, and that her ability to push, pull, reach, handle, finger and feel was otherwise unrestricted. She also found that Campbell had no significant visual, communicative or environmental limitations. While Dr. Perry did preclude jobs that required frequent climbing, balancing, stooping, kneeling, crouching or crawling, there is no indication that these restrictions would prevent Campbell from performing her past light and sedentary work. Thus, Dr. Perry's report provides substantial evidence to support the Secretary's finding that Campbell could perform the exertional demands of her past work, despite Dr. Gordon's suggestion to the contrary.
 
 
 10
 Campbell's testimony indicated that she could not perform her past work because it caused her to suffer pain in her right hand, arm, chest and shoulder. An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir.1990). In evaluating Campbell's credibility, the ALJ noted that she had continued to work for five years after her breast surgery. Citing Wilcox v. Sullivan, 917 F.2d 272, 277 (6th Cir.1990), Campbell now argues that she should not be penalized for continuing to work despite her disabling condition. However, Wilcox is distinguishable from the present case because the claimant there was suffering from multiple sclerosis, a progressively debilitating episodic disease. Although Dr. Gordon attributed Campbell's pain to her surgery, there is nothing in the medical record to indicate that the residual pain from Campbell's mastectomy would be expected to increase with time. See Blacha v. Secretary of Health and Human Servs., 927 F.2d 228, 231 (6th Cir.1990) (per curiam).
 
 
 11
 In addition, the ALJ's credibility finding was not wholly dependent on Campbell's work history. Instead, he specifically discounted Campbell's testimony because she was not taking prescription pain medication and because she was still able to drive and to perform normal household chores. Dr. Perry's report also indicated that Campbell retained the ability to perform light and sedentary work. Thus, the ALJ did not err by finding that Campbell was not completely credible. See Bogle, 998 F.2d at 348; Blacha, 927 F.2d at 231.
 
 
 12
 Campbell had the burden of showing that she could no longer perform her past relevant work. See Bowen v. Yuckert, 482 U.S. 137, 146-47 n. 5 (1987). Her testimony indicates that her past work was generally unskilled or semi-skilled and that her work as a grocery cashier and machine feeder was generally at the light or sedentary level. The ALJ's finding that Campbell could perform this level of work is not directly contradicted by Dr. Gordon's letter and it is supported by Dr. Perry's report. In addition, Campbell's own testimony indicates that her ability to sit and stand is unimpaired, that she drives, prepares her own meals, performs other household chores and visits her family. Thus, substantial evidence supports the Secretary's ultimate determination that Campbell is not disabled because she can still perform her past work. See Bogle, 998 F.2d at 348-49; Blacha, 927 F.2d at 231.
 
 
 13
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Robert DeMascio, U.S. District Judge for the Eastern District of Michigan, sitting by designation