47 F.3d 1170
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael R. ROSE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 94-1521.
 United States Court of Appeals, Sixth Circuit.
 Jan. 24, 1995.
 
 Before: ENGEL, KENNEDY and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Michael R. Rose appeals a district court judgment which affirmed the Secretary's denial of his application for social security disability benefits. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed. R. App. P. 34(a).
 
 
 2
 Rose initially alleged that he became disabled on July 11, 1988, due to a back injury and his limited reading and writing skills. He later amended his alleged onset date to a time prior to the expiration of his insured status. Rose did not have a physical impairment at that time. Thus, he now alleges disability based only on his psychological impairment of mental retardation.
 
 
 3
 An Administrative Law Judge ("ALJ") found that Rose met the special earnings requirements of the Social Security Act only through March 31, 1985. He found that Rose had a severe impairment prior to the expiration of his insured status, consisting of mild mental retardation. However, the ALJ also found that Rose's condition was not equivalent to any of the impairments that are described in Appendix 1 to the regulations and that Rose was not disabled because he retained the ability to perform his past relevant work. The ALJ's opinion became the final decision of the Secretary on May 28, 1993, when the Appeals Council declined further review. The district court granted the Secretary's motion for summary judgment on March 3, 1994, and it is from this judgment that Rose now appeals.
 
 
 4
 Judicial review of the Secretary's decision is limited to determining whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards in reaching her conclusion. Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. The scope of our review is limited to an examination of the record only. We do not review the evidence de novo, make credibility determinations nor weigh the evidence.
 
 
 5
 Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir. 1989) (per curiam) (citations omitted). The Secretary's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently based on substantial evidence to the contrary. Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir. 1993).
 
 
 6
 Rose does not argue that his condition is equal or equivalent to any of the impairments that are listed in Appendix 1. We note, nonetheless, that substantial evidence supports the ALJ's finding that he did not meet these criteria. In particular, a medical expert testified that Rose did not meet the criteria for mental retardation under Listing 12.05, even though he was mildly retarded.
 
 
 7
 The ALJ found that Rose had engaged in substantial gainful activity in the past, and then went on find that Rose was not disabled because he was able to perform his past work during the disputed period. It must be presumed that Rose engaged in substantial gainful activity if he earned more than $300 a month. See 20 C.F.R. Sec. 404.1574; Tyra v. Secretary of Health and Human Servs., 896 F.2d 1024, 1029 (6th Cir. 1990). For five years prior to the expiration of his insured status, Rose worked five days a week as a laborer at the Springfield Foundry. He earned $6.25 an hour, and the record indicates that he earned more than $29,000 during this period. Rose's earnings at this job create a presumption that he had engaged in a substantial gainful activity.
 
 
 8
 Rose now argues that this presumption was rebutted by his testimony which indicated that he received substantial help from his co-workers in performing his jobs. Rose also testified that his work at the foundry was different from that of the other employees because they had to grind while he poured iron. However, this testimony is not sufficient to rebut the presumption that Rose had engaged in substantial gainful activity for the five years that he worked at the foundry. See Dinkel v. Secretary of Health and Human Servs., 910 F.2d 315, 319 (6th Cir. 1990). Therefore, the ALJ properly considered whether Rose could perform this past work in determining whether or not he was disabled.
 
 
 9
 Rose had the burden of showing that he could no longer perform his past relevant work. See Bowen v. Yuckert, 482 U.S. 137, 146-47 n.5 (1987). The record indicates that his past work at the foundry involved grinding, shifting weights, pouring iron, sweeping and driving a forklift. A vocational expert testified that this work was unskilled and that it required a medium level of exertion. The ALJ's finding that Rose could perform the exertional demands of this work prior to his back injury is not contradicted anywhere in the record. Moreover, Rose was employed at Riverside Screw from 1988 to 1989. This job involved similar responsibilities, and the vocational expert testified that it was also unskilled and required a medium level of exertion. The relevant inquiry is whether Rose could return to the type of work that he had done in the past, rather than his specific job. See Studaway v. Secretary of Health and Human Servs., 815 F.2d 1074, 1076 (6th Cir. 1987). Thus, Rose's work at Riverside Screw provides substantial support for the ALJ's finding that Rose could still perform the type of work that he had done in the past.
 
 
 10
 Rose argues that the ALJ's finding is contradicted by the combined testimony of the medical and vocational experts. When posed a hypothetical question based solely on the medical expert's testimony, the vocational expert testified that there were no jobs that Rose could perform. However, the ALJ posed a second hypothetical question based on psychological reports which indicated that Rose had a full scale I.Q. of 65 in 1969, and a full scale I.Q. of 68 in 1992. The vocational expert's response to this hypothetical question indicated that there was a significant number of unskilled, low stress, manual labor jobs available to Rose in the region. He specifically identified jobs such as sweeping a floor in a foundry, cleaning machines, grinding and working as a laborer. This response provides additional and substantial support for the ALJ's finding that Rose was not disabled during the period that he remained eligible for disability benefits because he retained the ability to perform his past work. See Bogle, 998 F.2d at 348-49.
 
 
 11
 Accordingly, the district court's judgment is affirmed.