76 F.3d 379
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Annie L. MILLER, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-3393.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1996.
 
 1
 Before: CONTIE, NELSON and BATCHELDER, Circuit Judges
 
 ORDER
 
 2
 Annie L. Miller appeals a district court judgment denying her application for social security disability insurance benefits. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Miller filed an application for social security disability insurance benefits alleging that she suffered from a hiatal hernia, asthma, blood clots in the legs, kidney disease, and bladder infections. Following a hearing, an Administrative Law Judge (ALJ) determined that Miller was not disabled because she had the residual functional capacity to perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 4
 Miller then filed a complaint seeking review of the Secretary's decision. The parties consented to have the case tried before a magistrate judge. The district court affirmed the denial of benefits and granted judgment to the Secretary.
 
 
 5
 Upon review, we conclude that substantial evidence exists to support the Secretary's decision. See Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 6
 Miller argues that the ALJ erred in rejecting the opinion of her treating physician. Although an ALJ is not bound by a treating physician's opinion, he must set forth in his decision the reasons for rejecting the opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987). Further, when a doctor's evaluation contains no substantiating medical evidence and is inconsistent with a physician's previous opinion, the Secretary is not required to credit that opinion. See Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir.1993). Dr. Venetta, Miller's treating physician, indicated in December 1990 that Miller could perform light work. It was not until January 1992 that Dr. Venetta indicated that Miller was totally disabled. As Miller's insured status expired on December 31, 1988, Dr. Venetta's opinion of January 1992 is not applicable as it was rendered well after the expiration of Miller's insured status. We further note that although Dr. Venetta's December 1990 opinion was also rendered after the expiration of Miller's insured status, this opinion was closer to the expiration date of Miller's insured status and better reflects on Miller's condition during the time in question.
 
 
 7
 Miller contends that the ALJ erred in rejecting her subjective complaints of pain. The ALJ properly rejected Miller's subjective complaints of disabling pain because Miller did not present objective medical evidence that she was suffering from a condition prior to the expiration of her insured status that would cause disabling pain. See Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986). The opinions of Dr. Venetta and Dr. Plotkin, a medical expert, establish that Miller was not disabled prior to the expiration of her insured status.
 
 
 8
 Finally, Miller argues that the ALJ erred in applying the medical-vocational guidelines (grids). Miller contends that she suffers from a non-exertional impairment which prevents the application of the grids. The grids are not fully applicable if a claimant suffers from a significant, non-exertional impairment. Damron v. Secretary of Health and Human Servs., 778 F.2d 279, 282 (6th Cir.1985). The mere allegation of a non-exertional impairment is insufficient to preclude the application of the grids. A claimant must show that the non-exertional impairment is severe enough to restrict a claimant's ability to perform a full range of sedentary, light, or medium work. See Cole v. Secretary of Health and Human Servs., 820 F.2d 768, 772 (6th Cir.1987). The medical evidence prior to the expiration of Miller's insured status simply does not indicate that she had a non-exertional impairment which prevented the use of the grids.
 
 
 9
 Accordingly, we affirm the district court's judgment.