89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert SEMUGA, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-4212.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1996.
 
 1
 Before: MERRITT, Chief Judge; COLE, Circuit Judge; DUGGAN, District Judge.*
 
 ORDER
 
 2
 Robert Semuga, through counsel, appeals a district court judgment, affirming the Secretary's denial of his application for social security disability insurance benefits. The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Semuga filed his application for benefits on November 5, 1991. Semuga alleged that he had been unable to work since May 27, 1987, because of back pain and depression. After a hearing was held, the ALJ concluded that Semuga had severe impairments, but retained the residual functional capacity (RFC) to perform a significant number of jobs in the national economy. Accordingly, the ALJ denied Semuga's application for benefits. The Appeals Council denied Semuga's request for review of this decision.
 
 
 4
 Semuga then filed a timely complaint in district court. With the consent of both parties, the case was referred to a magistrate judge for final disposition. The magistrate judge considered all relevant medical evidence, determined that substantial evidence supported the Secretary's finding that Semuga was disabled, and affirmed the Secretary's decision denying benefits.
 
 
 5
 On appeal, Semuga raises four issues for consideration: (1) whether the ALJ afforded proper weight to the medical opinions by Semuga's treating physician and by certain consulting physicians regarding Semuga's functional limitations; (2) whether the ALJ properly considered the claimant's kyphosis, bone loss, and pain medication when he found that Semuga's pain was not disabling; (3) whether the ALJ's finding that Semuga could perform a limited range of light work was supported by substantial evidence; and (4) whether the ALJ properly found that the Secretary had met the burden of proving Semuga could perform a significant number of jobs in the national economy.
 
 
 6
 This court concludes that there is substantial evidence to support the Secretary's decision to deny Semuga benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679 (6th Cir.1989) (per curiam). Although the opinion of a treating physician is usually given greater weight than that of an examining physician, see Allen v. Califano, 613 F.2d 139, 145 (6th Cir.1980), the ALJ could properly reject Dr. Ritchey's opinion as not being consistent with the detailed clinical and diagnostic test evidence. 20 C.F.R. § 404.1527(d)(2); Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir.1993). Similarly, there is no merit to Semuga's argument that the magistrate judge ignored the opinions of Drs. Vamvas and McCloud. Dr. Vamvas's 1993 exam was conducted after the expiration of Semuga's insured status and, therefore, is only minimally probative. Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir.1988) (per curiam). Drs. Vamvas and McCloud indicated that Semuga could perform only sedentary-type work, but also opined that Semuga had no gait abnormalities, had normal neurological test results, and presented no motor or sensory deficits. This court may not reconsider this evidence and try the case de novo, in making a substantial evidence determination. Mowery v. Heckler, 771 F.2d 966, 970 (6th Cir.1985); Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984).
 
 
 7
 The ALJ properly considered the underlying objective medical evidence, Semuga's subjective complaints, and the record, as a whole, before concluding that Semuga had failed to meet the two-prong test announced in Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986), for evaluating a claimant's credibility surrounding complaints of disabling pain. There is substantial evidence in the record to support the ALJ's finding that the claimant had the RFC to perform modified light work. The ALJ also presented an accurate hypothetical to the vocational expert who testified at the hearing, allowing the Secretary to show that Semuga could perform other work which exists in significant numbers, given Semuga's age, education, work experience, impairments and limitations. See Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir.1990); Varley v. Secretary of Health and Human Servs., 820 F.2d 777, 779 (6th Cir.1987).
 
 
 8
 Accordingly, we affirm the district court's judgment.
 
 
 
 *
 The Honorable Patrick J. Duggan, United States District Judge for the Eastern District of Michigan, sitting by designation