95 F.3d 1153
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Vivian WALKER, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-3110.
 United States Court of Appeals, Sixth Circuit.
 Aug. 20, 1996.
 
 Before: NELSON, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Vivian Walker appeals a district court judgment affirming the Commissioner's denial of her application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Walker filed an application for supplemental security income benefits alleging that she suffered from diabetes and depression. Following a hearing, an administrative law judge (ALJ) determined that Walker was not disabled because she could perform a significant number of jobs in the economy. The Appeals Council declined to review the ALJ's determination.
 
 
 3
 Walker then filed a complaint seeking review of the Commissioner's decision. The parties consented to have the case reviewed by a magistrate judge. The magistrate judge affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 4
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 5
 Walker contends that the ALJ erred by not giving substantial weight to the opinion of her treating physician. Although the opinion of a treating physician is given greater weight than that of an examining physician, the opinion must be based on detailed clinical and diagnostic test evidence. Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir.1993). A treating physician's opinion is afforded more weight than the opinion of a physician employed by the government, but the ultimate determination of disability rests with the Commissioner, not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). Even though the ALJ is not bound by a treating physician's opinion, he must set forth in his decision the reasons for rejecting the opinion. Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987). As the ALJ rejected the opinion of Walker's treating physician because the opinion was not supported by objective medical evidence, the ALJ was not bound by the treating physician's opinion and was not required to give the opinion substantial weight.
 
 
 6
 Walker contends that the hypothetical questions presented by the ALJ were deficient. However, the ALJ's hypothetical questions accurately portrayed Walker's mental impairment. Therefore, since the vocational expert testified that there were a substantial number of jobs in the economy which Walker could perform, the Commissioner's decision is supported by substantial evidence. See Hardaway v. Secretary of Health and Human Servs., 823 F.2d 922, 927-28 (6th Cir.1987) (per curiam).
 
 
 7
 Accordingly, we affirm the district court's judgment.