108 F.3d 1377
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dean D. MARLIN, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-5342.
 United States Court of Appeals, Sixth Circuit.
 March 12, 1997.
 
 W.D.Ky., No. 94-00128; Thomas B. Russell, Judge.
 
 
 1
 W.D.Ky.
 
 
 2
 AFFIRMED.
 
 
 3
 Before: BATCHELDER and COLE, Circuit Judges; SPIEGEL, District Judge.*
 
 ORDER
 
 4
 Dean D. Marlin appeals a district court's order affirming the Commissioner's denial of her application for supplemental security income benefits. The parties have waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 5
 Marlin filed an application for supplemental security income benefits alleging that she suffers from hypertension, shortness of breath, headaches, dizziness, diabetes, and pain. She also had two previous hernia operations. Following a hearing, an administrative law judge (ALJ) determined that Marlin did not suffer from a severe impairment. The Appeals Council declined to review the ALJ's determination.
 
 
 6
 Marlin then filed a complaint seeking review of the Commissioner's decision. Upon de novo review of a magistrate judge's report, the district court affirmed the denial of benefits and granted judgment to the Commissioner.
 
 
 7
 Upon review, we conclude that substantial evidence exists to support the Commissioner's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 8
 Marlin contends that the Commissioner failed to give proper weight to the opinion of her treating physician. Although the opinion of a treating physician is given greater weight than that of an examining physician, the opinion must be based on detailed clinical and diagnostic test evidence. Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir.1993). Although a treating physician's opinion is normally afforded more weight than the opinion of a physician employed by the government, the ultimate determination of disability rests with the Commissioner, not with the treating doctor. Houston v. Secretary of Health and Human Servs., 736 F.2d 365, 367 (6th Cir.1984). The cryptic reports from Dr. Wilwayco, Marlin's treating physician, are not based on detailed clinical and diagnostic evidence. Dr. Wilwayco's reports simply give a diagnosis and then conclude that Marlin is disabled. These reports do not entitle Dr. Wilwayco's opinion to be given any greater weight than that of a nonexamining physician.
 
 
 9
 Marlin contends that the ALJ failed to develop the record as she was not represented by counsel at the administrative hearing. However, the ALJ fully developed the record and there is no evidence that Marlin was not given a complete and fair hearing.
 
 
 10
 Marlin contends that the ALJ should not have accepted the opinion of a consulting psychiatrist that she did not suffer from anxiety given Dr. Wilwayco's opinion. As previously noted, Dr. Wilwayco's opinions are not supported by any objective clinical evidence. In contrast, the consulting psychiatrist thoroughly examined Marlin and found no anxiety disorder. Thus, the ALJ could conclude that Marlin did not suffer from a mental impairment.
 
 
 11
 for the completion of the form would be frivolous as the form would not change the fact that Marlin is not disabled.
 
 
 12
 Finally, Marlin contends that the ALJ did not properly evaluate her complaints of leg pain. However, there is no objective evidence to support her complaints. Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986).
 
 
 13
 Accordingly, we affirm the district court's order.
 
 
 
 *
 The Honorable S. Arthur Spiegel, United States District Judge for the Southern District of Ohio, sitting by designation