110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Acquanetta BRYANT, Plaintiff-Appellant,
v.
Shirley CHATER, Commissioner of Social Security, Defendant-Appellee.
 No. 96-3426.
 United States Court of Appeals, Sixth Circuit.
 April 4, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Acquanetta Bryant appeals the denial of her application for Social Security disability benefits. In this application--her third one--Bryant claims that the pain resulting from several different medical conditions has left her severely disabled and unable to perform any type of work. Although the case is a close one, we conclude that the administrative law judge's decision to deny Bryant's application was based on substantial evidence. That conclusion requires us to affirm the denial of benefits.
 
 PROCEDURAL AND FACTUAL BACKGROUND
 
 2
 At the time of the hearing, Acquanetta Bryant was 48 years old and a former nursing assistant with some post-secondary education. In 1988, she had been struck by an automobile and fractured her right leg. As a result of either the fracture or the surgery to repair her leg, Bryant's pain became chronic, and she was ultimately diagnosed with "reflex sympathetic dystrophy," a disorder of the sympathetic nervous system resulting from an injury to the nerves or blood vessels. Eventually, doctors treated Bryant with a "partial sympathectomy," an operation in which certain nerves are cut to relieve pain. That procedure was at least temporarily successful. However, Dr. Husni, the doctor who performed the operation, later concluded that Bryant was "disabled indefinitely due to muscle dystrophy."
 
 
 3
 After the operation, Bryant continued to complain of pain in her leg, groin, and lower back and returned to the hospital for treatments. An examining doctor recommended that Bryant undergo another sympathectomy, this one higher up her spine. Bryant did not act on this recommendation and later visited the hospital's pain management center again, complaining of the same symptoms. In 1993, at least two other doctors examined her, and one determined that Bryant was "unable to return to work" because of her chronic leg pain. That doctor, Dr. Thompson, also found that Bryant had some loss of strength in her right hand.
 
 
 4
 When Bryant first suffered her broken leg, she applied for Social Security disability benefits and her application was denied (August 1988 application). She did not appeal that decision, but applied again about two years later (March 1990 application) and was denied a second time. Bryant did not appeal her second denial either. Finally, Bryant filed a third application in 1992, which was denied, and she subsequently requested a hearing before an administrative law judge. The case was assigned to Administrative Law Judge Patrick G. Lazzaro, who reviewed Bryant's medical record and heard the testimony of a medical expert, Dr. Moses Leep, as well as the testimony of Bryant herself.
 
 
 5
 Bryant testified that she cared for herself, cleaned her home, went out to eat occasionally, watched television, and went on walks. She said that she was in constant pain and took pain medications all the time--although an examination of her prescriptions indicated that she had used them only a few times per month. She also testified that she could not sit or stand for more than 20 minutes because of the pain and also had trouble using her right hand. Bryant indicated that she was still undergoing outpatient treatment at the hospital but did not want another sympathectomy because she was not satisfied with the first operation.
 
 
 6
 The medical expert, Dr. Leep, noted that Bryant had suffered from a fracture and from reflex sympathetic dystrophy--both of which had been successfully treated--and that the sympathetic dystrophy later returned. He testified, however, that Bryant's condition should not prevent her from sitting or standing and that none of her other tests or evaluations indicated significant motor weakness. In conclusion, Dr. Leep stated that Bryant did not meet the Social Security qualifications for a severe disability.
 
 
 7
 In his opinion, Judge Lazzaro set out an extensive description of Bryant's medical history, as well as a review of her testimony and the testimony of Dr. Leep. In spite of the fact that two of Bryant's treating physicians had determined that she was "disabled" or "unable to work" (Dr. Husni in 1990 and Dr. Thompson in 1993), Judge Lazzaro relied more heavily on the testimony of the hearing expert (Dr. Leep), other parts of the medical record, and Bryant's own statements. He concluded that Bryant had indeed suffered from two medical conditions but that neither of them reached the level of severity required under the Social Security regulations. He found that her medical record did not support a finding of disabling pain and that her daily living activities showed that she could at least do sedentary work. As for the medical record entries from Drs. Husni and Thompson, Judge Lazzaro determined that they were merely conclusory statements unsupported by objective medical findings.
 
 
 8
 Judge Lazzaro ruled that Bryant did not deserve Social Security disability benefits. He reached this conclusion after setting out twelve specific factual findings, which included:
 
 
 9
 1. From Bryant's first two unappealed applications, she was barred by res judicata for any claim of disability before May 16, 1990.
 
 
 10
 2. She had not engaged in any "substantially gainful activity" since May of 1990.
 
 
 11
 3. She suffers from status-post fractures and reflex sympathetic dystrophy of her right leg.
 
 
 12
 4. She has not suffered from pain, numbness, weakness, or other symptoms related to her medical condition that would prevent her from doing sedentary work.
 
 
 13
 5. She has the capacity to do sedentary work.
 
 
 14
 6. Based on her age, education, work experience, and functional capacity, she is not disabled as defined by the Social Security Act.
 
 
 15
 These findings track the five-step sequential test in 20 C.F.R. § 404.1520. Based on that test and the associated case law, Judge Lazzaro concluded Bryant did not meet the disability requirements. After review by the appeals panel was denied, the ruling automatically became the holding of the Social Security Commissioner. It was later affirmed by the district court.
 
 DISCUSSION
 
 16
 This court will not reverse the decision of the Commissioner when it is supported by substantial evidence and when the Commissioner employed the proper legal standards. Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Secretary of Health and Human Servs., 25 F.3d 284, 286 (6th Cir.1994); 42 U.S.C. § 405(g).
 
 
 17
 On appeal, Bryant's main argument is that the pain of her combined medical problems creates a severe impairment that prevents her from doing any type of work. To support a finding that pain is the source of a disability, however, a claimant must meet two requirements. First, there must be objective medical evidence of an underlying condition. Second, the objective medical evidence must "confirm the severity of the alleged pain arising from that condition" or the medical condition must be "of such severity that it can reasonably be expected to produce the alleged disabling pain." Duncan v. Secretary of Health and Human Servs., 801 F.2d 847, 853 (6th Cir.1986); see also Felisky v. Secretary of Health and Human Servs., 35 F.3d 1027, 1036 (6th Cir.1994) (applying the Duncan test).
 
 
 18
 Bryant's contention rests on brief notations in her medical record by two of her treating physicians, Drs. Husni and Thompson. She argues that their respective findings that she is "disabled indefinitely" and "unable to work" should trump the opinion of the hearing expert, Dr. Leep, who testified that Bryant did not meet the listed disability requirements of the Social Security regulations.
 
 
 19
 Bryant seems to accept the fact that her condition does not meet any of the listed disabilities in the Social Security regulations. The crux of this appeal, therefore, rests on step number five of the sequential test: If one's impairment is so severe that she cannot do the same work she has done in the past, then other factors must be considered, including age, education, work experience, and residual functional capacity. See 20 C.F.R. § 404.1520(f). Judge Lazzaro determined that Bryant could not return to her job as a nursing assistant, but concluded that she could do some type of sedentary work. In making this conclusion, Judge Lazzaro considered the entire record and not just the opinion of Dr. Leep. He also employed--although misstated--the test from Duncan for determining if chronic pain justifies the finding of a disability.[1]
 
 
 20
 Before this court, Bryant argues that she meets the Duncan standard and that the administrative law judge committed a plain error when he found her not disabled because of chronic pain. To make this argument, Bryant relies heavily on the case law and regulations that place a treating physician's testimony above that of a non-treating physician in disability cases. See Shelman v. Heckler, 821 F.2d 316, 321 (6th Cir.1987). Because Drs. Husni and Thompson actually examined her while Dr. Leep only spoke with her, Bryant argues that the administrative law judge and this court should ignore Dr. Leep's contrary testimony.
 
 
 21
 An administrative law judge, however, must give controlling weight to the opinion of a treating physician only when that physician's opinion is supported by clinical and laboratory findings. When substantial evidence contradicts the opinion of a treating physician, the judge must determine how much weight to give each bit of testimony in light of the record as a whole. In that situation, the opinion of a treating physician is not dispositive. 20 C.F.R. § 404.1527(d); Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir.1993).
 
 
 22
 In this case, Judge Lazzaro followed the correct legal standard. Dr. Husni's and Dr. Thompson's statements about Bryant's medical condition appear merely as conclusions in two very scant reports. Judge Lazzaro did not consider them well-supported or convincing. The rest of Bryant's medical record supports a finding that she has "reflex sympathetic dystrophy," but it does not support a finding of disabling pain or a condition that would reasonably lead to disabling pain. Among the bases of Judge Lazzaro's opinion are the following observations: there is no significant evidence of muscle weakness, atrophy, or reflex loss; Bryant refused to undergo pain relieving surgery and her other treatments were "conservative"; she had normal MRI and X-ray reports; she was not taking the suggested dosage of her pain medication; she had no in-hospital treatments since January 1990; she carried out normal daily activities at home; and she has not gained any substantial weight due to inactivity.
 
 
 23
 Overall, the administrative law judge's decision in which he found Bryant not disabled is supported by substantial evidence. Under the two-part Duncan test, Bryant satisfies the first requirement (the existence of an underlying condition), but not either alternative prong of the second (objective evidence of pain from the condition or existence of a condition that normally involves disabling pain).
 
 
 24
 Finally, Bryant requests this court to remand her case so that a vocational expert may examine her residual functional capacity and so that the administrative law judge can make a more detailed evaluation of that capacity. She argues that her weakened right arm and inability to sit or stand for extended periods of time results in a "non-exertional limitation" that would prevent her from doing sedentary work. A non-exertional limitation is one that interferes with a person's non-physical activity (here, Bryant claims that her sit/stand limitations would prevent her from sitting at a desk all day).
 
 
 25
 In Bryant's view, a full examination by a vocational expert is the best way to determine what type of work she can or cannot do. She claims that the judge incorrectly relied on the social security "grids" in determining that she was not disabled and was capable of sedentary work. See 20 C.F.R. Pt. 404, Subpart P, App. 2, Table 1, Rule 201.21 & 201.28. The grids, she asserts, do not apply when a person has a non-exertional as well as an exertional disability. See Kirk v. Secretary of Health and Human Servs., 667 F.2d 524, 528-29 (6th Cir.1981), cert. denied, 461 U.S. 957 (1983) (stating--probably in dicta--that a non-exertional limitation may require the judge to evaluate a claimant's vocational ability outside the grid specifications).
 
 
 26
 A non-exertional limitation, however, does not necessarily mean that the judge cannot use the grids. The non-exertional limitation must be severe enough to support a conclusion that Bryant would be incapable of sedentary work, thereby taking her out of the grid's specifications. Gaffney v. Secretary of Health and Human Servs., 825 F.2d 98, 101-02 (6th Cir.1987). Only when a "non-exertional limitation restricts a claimant's performance of a full range of work ... is it error to apply the grid to make a conclusive determination as to disability." Id.
 
 
 27
 In this case, Judge Lazzaro determined that Bryant's weakness in her right arm and her problems with sitting and standing did not preclude her from doing sedentary work. Hence, her non-exertional limitation does not place her outside the grid's specifications. While it might have been the better practice to get a vocational expert's testimony in this case, there is, nevertheless, sufficient evidence to support Judge Lazzaro's decision that Bryant can perform sedentary work.
 
 CONCLUSION
 
 28
 Bryant's main argument is that the medical record entries from her treating physicians dictate a finding that she is disabled. The record, however, including the testimony of a medical expert and Bryant's own statements, does not support this conclusion. The administrative law judge's finding that Bryant is not disabled is supported by substantial evidence and, thus cannot be reversed. For this reason, we AFFIRM the judgment of the district court.
 
 WELLFORD, Circuit Judge, concurring:
 
 29
 I concur in the disposition of the court. I would add that Bryant's condition has not been shown to have materially changed since she submitted her first two claims which were rejected, and the administrative decisions were not appealed. I would agree with Administrative Law Judge Lazzaro, therefore, that she was barred by res judicata for any claim of disability, in any event, before May 16, 1990. It would seem to me, furthermore, that she did not carry the burden of showing a substantially worsened condition after that date. Accordingly, I concur in the court's decision.
 
 
 
 [1]
 Judge Lazzaro stated that Duncan requires: (1) objective medical evidence of an underlying medical condition; and (2) both objective evidence of pain from that condition and a showing that the pain is reasonable in light of the medical condition (JA 27). In reality, Duncan only requires one part of step two: either objective medical evidence of the pain or evidence that the medical condition is such that would cause this type of pain. Duncan, 801 F.2d at 853. The effect of this misstatement, however, is harmless because there is not significant evidence of either alternative in this case