**Julie Ann MORR, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

**No. 15–3333.**

United States Court of Appeals, Sixth Circuit.

Oct. 9, 2015.

Before: MERRITT, DAUGHTREY, and GRIFFIN, Circuit Judges.

MERRITT, Circuit Judge.

In this action seeking Social Security disability benefits, the parties agree that the claimant, Ms. Julie Ann Morr, born in 1959, must show that she was disabled from working between May 1, 1998, her alleged disability onset date, and June 30, 2007, her date last insured. The process involves both extensive administrative and judicial review. Her case has been reviewed five times before the present appeal. She applied for benefits on June 20,

---

2010, was denied administratively on August 26, 2010, again denied by the Administrative Law Judge two years later after an evidentiary hearing, then by the Appeals Council in May 2013, followed by denial of her federal civil action by the Magistrate Judge in August 2014, and again by the federal district judge on January 26, 2015.

Plaintiff presents two issues for review on appeal:

1. Whether the ALJ erred in not giving treating physician's opinion controlling weight?

2. Whether the ALJ employed disapproved boilerplate credibility language, and then conducted a backward credibility analysis that failed to identify and analyze specific material statements or testimony in relation to credibility?

Judge Carr in his district court opinion decided the same two issues correctly, and we adopt his conclusions and reasoning, as follows:

## A. Issue 1: Controlling Weight

Morr asserts the ALJ failed to give controlling weight to the following opinions from Morr's treating physician, Dr. Kolovich: 1) his February 18, 2002, opinion that Morr would be able to return to work for four hours per day at a sit-down job; 2) his August 5, 2002, opinion that Morr would benefit from a sit-down job; and 3) his November 11, 2004, opinion that "I doubt that [Morr] would be able to return to work at this time."

"An ALJ must give the opinion of a treating source controlling weight if he finds the opinion 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence in the case record.'" *Wilson v.*

*Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir.2004) (quoting 20 C.F.R. § 404.1527(d)(2)) (internal quotes omitted). Contrariwise, a treating source's opinion may be given little weight if it is unsupported by sufficient clinical findings and is inconsistent with the rest of the evidence. *Bogle v. Sullivan*, 998 F.2d 342, 347–48 (6th Cir.1993).

If an ALJ decides to give a treating source's opinion less than controlling weight, she must give "good reasons" for doing so that are sufficiently specific to make clear to any subsequent reviewers the weight given to the treating physician's opinion and the reasons for that weight. *See Wilson, supra,* 378 F.3d at 544 (quoting Social Security Ruling 96–2p, 1996 WL 374188, # 5).

The ALJ did not err in failing to give Dr. Kolovich's opinions controlling weight or providing good reasons for rejecting them. This is because Dr. Kolovich's three opinions are not opinions of a medical condition, but rather are opinions of disability that are reserved for the ALJ. 20 C.F.R. § 416.927(d)(1) ("We are responsible for making the determination or decision whether you meet the statutory definition of disability. . . . A statement by a medical source that your [sic] 'disabled' or 'unable to work' does not mean that we will determine that you are disabled.").

. . . .

There is no evidence in the record that Dr. Kolovich ever rendered an opinion regarding Morr's RFC or assigned Morr specific functional limitations. The only opinions Dr. Kolovich rendered were generalized doubts regarding Morr's ability to work. As such, the ALJ did not err in failing to give Dr. Kolovich's opinions controlling weight, as the ALJ was not required to defer to

Dr. Kolovich's statements regarding disability.

As to the second issue, counsel for Morr in his appellate brief in this court provides only two brief paragraphs of generalities—paragraphs that do not answer the conclusions of the district court, as follows:

### B. Issue 2: Assessment of Morr's Credibility

Morr also asserts the ALJ erred in evaluating Morr's credibility. Credibility determinations regarding a claimant's subjective complaints rest with the ALJ, and are entitled to considerable deference. *Siterlet v. Sec'y of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987); *Villarreal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir.1987).

. . . .

The ALJ appropriately found Morr was capable of performing a limited range of light work in spite of Morr's limitations. The evidence demonstrates Morr reported good activities of daily living and had very little medical treatment between her alleged onset date and her date last insured.

Moreover, Morr testified she probably could have worked two years ago. Furthermore, after her knee surgery in 2002, she continued to work. After the date last insured, Morr had surgery on her left knee, which caused her to be placed on a walker and a cane by her doctor.

Additionally, Morr's alleged medical complaints are not supported by medical findings and they are contradicted by medical doctors, the assessments of the consultative examiner, the vocational expert's testimony, and Morr's own activities including providing for her own personal grooming, cleaning, cooking daily for up to an hour, watching television, washing dishes three time daily, doing laundry, caring for cats, and driving. . . .

Accordingly, the ALJ did not provide boilerplate language in assessing Morr's credibility. The ALJ specifically compared Morr's alleged health symptoms to other evidence in the record and found Morr's subjective complaints were inconsistent with the objective medical evidence in the record. Such inconsistency is an appropriate basis for an adverse credibility finding. *See Walters v. Comm'r of Social Sec.*, 127 F.3d 525, 531 (6th Cir.1997) (When an ALJ finds contradictions among medical reports, the claimant's testimony, and other evidence, discounting credibility is appropriate).

Consequently, the ALJ appropriately evaluated Morr's credibility.

Accordingly, the judgment of the district court is AFFIRMED.