Robert L. JOHNSON, Plaintiff–
Appellant,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,
Defendant–Appellee.

No. 90–1965.

United States Court of Appeals,
Sixth Circuit.

Argued May 23, 1991.

Decided July 2, 1991.*

* This decision was originally issued as an "unpublished decision" filed July 2, 1991. 936 F.2d 573. On October 18, 1991, the court designated the opinion as one recommended for full text publication.

Michael J. Cantor, Freid, Gallagher, Taylor & Associates, Saginaw, Mich. (argued and briefed), for plaintiff-appellant.

Donna Morros Weinstein, Chief Counsel, Catherine A. Seagle, Dept. of Health and Human Services, (argued and briefed), Chicago, Ill., Peter A. Caplan, Asst. U.S. Atty., Detroit, Mich., for defendant-appellee.

Before MERRITT, Chief Judge, GUY and RYAN, Circuit Judges.

MERRITT, Chief Judge.

Plaintiff appeals the District Court judgment upholding the decision of the Secretary that plaintiff's disability benefits would cease. Because we hold that the Secretary's consideration of plaintiff's trial work period is in accordance with Congressional intent as expressed by the legislative history of 42 U.S.C. § 422(c)(2), we affirm the District Court.

In 1976 plaintiff was injured in an automobile accident. His crushed leg required open reduction and the use of plates, screws and bone grafts. A year later various surgical and physical therapies were still being administered; the bone was not healed and was in a cast; plaintiff was determined to be disabled. The fracture healed badly, with deformity, loss of length and resulting degenerative arthritis.

In 1986 and 1987, the plaintiff engaged in work as a machine operator during a "trial work period" pursuant to 42 U.S.C. § 422(c) which provides for a period of time in which a disability benefits recipient may attempt to work without losing his or her entitlement to benefits. Thereafter, plaintiff was notified in writing of the Secretary's determination, based in part on the results of the trial work period, that his previously existing disability ended in September of 1987 and that benefits would cease in November of that year. Plaintiff asked for a hearing before an administrative law judge, who found that the disability was continuing and recommended continuation of disability benefits. That decision was reversed by the Appeals Council. The Appeals Council based its decision on a finding that the trial work period "demonstrate[s] a capacity for sedentary work." It further stated that the ALJ erred in finding that "the claimant is a very credible witness." It found instead that the claimant's testimony "is not fully credible."

The District Court upheld the decision of the Appeals Council.

Plaintiff asserts two errors on the part of the District Court. First, the Court upheld the Appeals Council's consideration of his trial work period activity in determining disability. The District Court also affirmed the Appeals Council's decision to discount the credibility findings of the Administrative Law Judge.

Questions of the appropriateness of a decision of the Secretary are reviewable for determination of whether they exceed statutory authority and whether they are arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521, 110 S.Ct. 885, 890, 107 L.Ed.2d 967 (1990); *Bowen v. Yuckert*, 482 U.S. 137, 145, 107 S.Ct. 2287, 2293, 96 L.Ed.2d 119 (1987); *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983). The Social Security Act limits the factual review that may be undertaken; 42 U.S.C. § 405(g), made applicable by 42 U.S.C. § 421(d), restricts such a review to that necessary to determine if substantial evidence supports the decision of the Secretary.

Plaintiff urges that 42 U.S.C. § 422(c)(2)[1] forbids any use of his work activity during the trial work period in determining whether his disability has ended. The defendant responds that 42 U.S.C. § 422(c)(2) only prevents the Secretary from finding, on the basis of plaintiff's work during the trial work period, that the plaintiff is currently engaged in substantial gainful activity. This condition, that the claimant currently not be engaged in "substantial gainful activity," is the first step in the sequential evaluation process for determining that disability has ended. The other steps are summarized as follows:

(2) If not engaged in substantial gainful employment, does the recipient have an impairment which would result in a new finding of disability? (If yes, the disability is found to be continuing.)

(3) If no, has there been medical improvement in the condition which was originally found to be disabling? (If no, the disability is usually found to continue.) The exceptions do not apply to this plaintiff.

(4) If there has been medical improvement, is it related to the ability of the recipient to do work? (If no, disability is probably found to be continuing, subject to step 5.)

(5) This step contains the exceptions to continuing disability even when no medical improvement is found in step 3 or the improvement is not related to ability to do work in step 4. This step does not apply to the plaintiff.

(6) If medical improvement is shown, is the recipient's current impairment nonetheless severe? (If no, disability ceases.)

(7) If the current impairment is severe, can the recipient do the work which he did before determined to be disabled? (If yes, the disability ceases.)

(8) If the recipient cannot do the work done in the past, can the recipient do other work?

20 C.F.R. § 404.1594(f). The Secretary argues that he may consider the physical activity involved in the trial work period in all steps of the disability evaluation except step one. In plaintiff's case such evidence was used at step (8).

The regulation on trial work periods, 20 C.F.R. § 404.1592(a), is confusing. The portion with which we are concerned reads:

(a) .... The trial work period is a period during which you may test your ability to work and still be considered disabled ... During this period you may perform "services," [and] we will not consider those services as showing that your disability has ended until you have performed services in at least 9 months. However, after the trial work period has ended we will consider the trial work period in determining whether your disability ended at any time after the trial work period.

1. 42 U.S.C. § 422(c)(2) states:
 ... any services rendered by an individual during a period of trial work shall be deemed not to have been rendered by such individual in determining whether his disability has ceased in a month during such period ...

■ This appears to mean that the work activity during the trial work period may not be used to support a finding that disability ceased during the trial work period but may be used to support a finding that disability ceased thereafter.

Because the statute and regulation are not clear, we have reviewed the legislative history, legislative history that counsel for the parties apparently were unaware of at the time they briefed and argued the case. Section 422 was changed in 1960 to provide for trial work periods other than the traditional state-run rehabilitation programs which had been the only trial work allowed under the prior statute. Senate Report No. 1856 explains the allowed use of the trial work period as follows:

> Under the trial-work provision of the committee bill, a disability beneficiary could perform services in each of 12 months, so long as he does not medically recover from his disability, before his benefits would be terminated as a result of such services. After 9 months of the trial period, however, any services he performed during the period would be considered in determining whether he has demonstrated an ability to engage in substantial gainful activity. If he demonstrates such ability, 3 months later his benefits would be terminated. It is intended that any month in which a disabled person works for gain, or does work of a nature generally performed for gain, be counted as a month of trial work. . . .

S.Rep. No. 1856, 86th Cong., 2nd Sess., *reprinted in* 1960 U.S.Code Cong. & Admin.News, 3608, 3623.

Thus, the Secretary's interpretation of Section 422(a) in the regulation is consistent with the legislative history. Under the statute and regulation, we must find that the Secretary's use of the trial work period is permissible if it did not occur until services had been performed in 9 months of trial work activity.

■ The plaintiff told the Administrative Law Judge that he worked in 1980, although he did not say for what length of time. His work activity form states that he worked in September of 1986. It also appears that plaintiff worked beyond August of 1987, because he said at the hearing on November 15, 1988 that he worked "until I got hurt about six months ago." Thus plaintiff's own report is that he worked at least one month of 1980, during September of 1986, during February, March, April, May, June, July, August, and September of 1987 and beyond. Based on his account, the ninth month of trial work would have been August of 1987. Under the defendant's regulation it could then properly be determined that plaintiff's disability would end in September and his benefits would cease in November of 1987. In so finding the Secretary acted within his statutory authority and did not act arbitrarily or capriciously.

■ Plaintiff also contends that insufficient weight was given to the Administrative Law Judge's credibility findings. However, having determined that the Appeals Council properly considered the activity of the plaintiff in determining his capacity for sedentary work, we review only to determine whether its decision is supported by substantial evidence. *Smith v. Secretary of Health and Human Services*, 893 F.2d 106, 108 (6th Cir.1989). In a case such as this, where the findings of the Administrative Law Judge and the Appeals Council are in conflict, the question before us is whether substantial evidence supports the Appeals Council's decision. *Mullen v. Bowen*, 800 F.2d 535, 546 (6th Cir.1986) (en banc). A showing of substantial evidence to support the position of the plaintiff will not defeat the Appeals Council's decision if the record has substantial evidence to support the Appeals Council's decision as well. *Kinsella v. Schweiker*, 708 F.2d 1058 (6th Cir.1983) (per curiam). Activity reports filed by plaintiff state that he can take care of himself, and that he can mow the yard and that he went back to school, stopping because he ran out of money, not because he was physically unable to attend classes. Plaintiff told the Administrative Law Judge that he did not use crutches, a brace or a cane to aid him in walking. These uncontested facts, as well as the record of

plaintiff's work activity, support the Appeals Council's determination that his allegations of pain were not entirely credible and that the level of pain which is objectively ascertainable is not so great as to keep plaintiff from sedentary work. While we might also find substantial support for the decision of the Administrative Law Judge, this Court may not substitute its judgment for that of the Appeals Council based on the record before us.

We hold that the Appeals Council's consideration of plaintiff's activities during his trial work period is permissible under applicable law, and that the record contains substantial support for the Appeals Council's decision. Accordingly, the District Court is AFFIRMED.