65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lesia D. WEEKS, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 94-5948.
 United States Court of Appeals, Sixth Circuit.
 Sept. 1, 1995.
 
 Before: RYAN, BATCHELDER, and MOORE, Circuit Judges.
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Lesia Weeks appeals from the denial of two applications for Supplemental Security Income ("SSI") by the Department of Health and Human Services (the "Secretary"). Since this court agrees with the district court that the Secretary's decision was supported by substantial evidence, we affirm the judgment of the district court.
 
 
 2
 Weeks filed her first application for SSI for a childhood disability in 1980, when she was seventeen years old. The Secretary denied the application, and Weeks did not seek any further review at that time. Weeks filed a second SSI application as an adult in 1989, alleging a disability beginning in December 1988. This application was denied initially and upon reconsideration. Weeks did not appeal the denial of the adult application at that time.
 
 
 3
 Subsequently, in Sullivan v. Zebley, 493 U.S. 521 (1990), the Supreme Court invalidated regulations requiring a medical "listings-only" approach to child SSI disability claims and held that, in addition to evaluating claims based on listed impairments, the Secretary must adopt a functional approach to child disability claims like the system already in place to evaluate adult claims. Id. at 531, 539-541. Pursuant to Zebley and regulations implementing it, Weeks elected to have both of her claims reconsidered. Weeks's application for SSI was again denied initially and on reconsideration. Weeks requested a hearing. An administrative law judge ("ALJ") denied her claims again after a hearing, and the Appeals Council denied her request for review. The district court affirmed the Secretary's decision and dismissed Weeks's claims.
 
 
 4
 This court "reviews the district court's conclusion in social security cases de novo, and directly reviews the Secretary's findings and conclusions as if it were the first reviewing court." Crum v. Sullivan, 921 F.2d 642, 644 (6th Cir.1990). We must determine whether the Secretary's findings are supported by substantial evidence and whether the Secretary employed the proper legal standards. 42 U.S.C.A. Secs. 1383(c)(3), 405(g) (West Supp.1995); Landsaw v. Secretary of Health and Human Services, 803 F.2d 211, 213 (6th Cir.1986). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. Tyra v. Secretary of Health and Human Services, 896 F.2d 1024, 1028 (6th Cir.1990). In reviewing a case for substantial evidence, the court may not resolve conflicts in the evidence or decide questions of credibility. Garner v. Heckler, 745 F.2d 383, 387 (6th Cir.1984). Even if the reviewing court would resolve the factual issues differently, the Secretary's decision must stand if it is supported by substantial evidence. Tyra, 896 F.2d at 1028. Furthermore, an administrative decision is not subject to reversal because substantial evidence would have supported the opposite conclusion. Johnson v. Secretary of Health and Human Services, 948 F.2d 989, 992 (6th Cir.1991). However, "[s]ubstantiality of the evidence must be based upon the record taken as a whole" and "must take into account whatever in the record fairly detracts from its weight." Garner, 745 F.2d at 388 (citations omitted). Having thoroughly examined the record, this court finds that substantial evidence supports the Secretary's decision.
 
 
 5
 Weeks's applications for SSI benefits alleged back and shoulder impairments, including scoliosis. During 1976 and 1977, Weeks underwent three surgeries to correct her scoliosis, which had been diagnosed as moderately severe. After the last surgery, Weeks's doctor found she was doing well and that her spine had healed securely. Weeks's doctor recommended that she wear a laminated plastic jacket for several months when she was up and about but did not suggest any specific limitations on her activities. After December 1978, the record is devoid of any evidence that Weeks sought medical treatment until she underwent an orthopedic evaluation in August 1989 as a result of the filing of her adult SSI application. Although Weeks testified that she could not work due to disabling pain, medical assessments completed by four physicians indicate that Weeks could perform a limited range of light or sedentary work.
 
 
 6
 Weeks argues that the ALJ failed to use the proper legal standards to analyze her child SSI claim. Weeks contends that the ALJ failed to evaluate the effect her impairment had on her ability to function independently, appropriately, and effectively in an age-appropriate manner, as required by Zebley. Although Weeks testified that she could not take care of her personal needs and had significant physical limitations, the ALJ discredited her testimony and found that as of the date of Weeks's application for child benefits, her impairment did not prevent her from performing most age-appropriate activities. See 20 C.F.R. Sec. 416.924 (1995). Contrary to Weeks's contention, the ALJ conducted an appropriate individualized functional assessment. See ALJ's Decision dated June 17, 1993 ("ALJ's Decision"), at 6. Weeks also contends that the ALJ erred by considering the testimony of a vocational expert ("VE") in determining her child disability claim. However, the VE testified only about Weeks's adult claim, and the ALJ did not rely on the VE's testimony in determining Weeks's child disability claim. Thus, Weeks's assertion that the ALJ improperly considered VE testimony to determine her child SSI claim is without merit.
 
 
 7
 Weeks's assignments of error relating to her adult SSI claim are similarly without merit. First, Weeks argues that the ALJ did not fully and fairly develop the record because he did not obtain additional records from her treating physician. The burden of providing a complete medical record rests with the claimant. 20 C.F.R. Sec. 416.912(c) (1995). However, the Secretary must make "every reasonable effort" to get medical reports from the claimant's medical sources. 20 C.F.R. Sec. 416.912(d) (1995) (requiring two requests if necessary). The Secretary satisfied the regulatory requirements by contacting Weeks's treating physician twice in an attempt to obtain treatment records. Furthermore, the ALJ had no further obligation to develop the record because the evidence was sufficient to support a decision. See 20 C.F.R. Sec. 416.919a (1995).
 
 
 8
 Second, Weeks argues that the ALJ should have deferred to the opinion of her treating physician, who stated that Weeks could not work for any prolonged period. Generally reports of treating physicians are to be given greater weight than reports of physicians employed and paid by the government to defend disability claims. Bogle v. Sullivan, 998 F.2d 342, 347-48 (6th Cir.1993). But such deference was not warranted here because Weeks's "treating physician" provided no evidence of any examination of Weeks and no underlying clinical data to support his conclusions, which were inconsistent with the assessments offered by specialists. See Landsaw, 803 F.2d at 213-14; 20 C.F.R. Sec. 416.927(d) (1995) (to determine weight given to medical opinions, the ALJ considers the nature and extent of the treatment relationship, frequency of examination, correlation with medical signs and laboratory findings, and consistency with the record as a whole).
 
 
 9
 Third, Weeks contends that the ALJ erred by finding that her pain did not constitute a disability entitling her to SSI benefits. In considering allegations of disabling pain, the ALJ must first determine whether there is objective medical evidence of an underlying medical condition. If so, the ALJ must determine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain. 42 U.S.C.A. Secs. 423(d)(5)(A), 1382c(a)(3)(G) (West Supp.1995); 20 C.F.R. Sec. 416.929 (1995).
 
 
 10
 Weeks has not presented sufficient objective medical evidence to support her claim of disabling pain. Although Weeks offered evidence of scoliosis and osteoarthritis, she provided no objective medical evidence corroborating her complaints of pain or showing that her scoliosis or osteoarthritis could reasonably be expected to produce disabling pain. Furthermore, Weeks relies on the fact that no physician had ruled out one doctor's hypothesis that she might have pseudoarthrosis, which could provide objective confirmation of the pain she claimed to be experiencing. However, this hypothesis does not satisfy Weeks's burden to prove an underlying medical condition by objective medical evidence. See 20 C.F.R. Sec. 416.912(a), (c) (1995). Thus, Weeks has not provided evidence sufficient to satisfy the requirements for showing disabling pain.
 
 
 11
 In contrast, substantial evidence exists to support the Secretary's conclusion that Weeks did not experience disabling pain during the relevant time period. The ALJ found it incredible that Weeks would not seek medical treatment between 1978 and 1989 if she suffered as alleged. ALJ's Decision, at 4. Although a paucity of medical proof should not be determinative, Blankenship v. Bowen, 874 F.2d 1116, 1124 (6th Cir.1989) (per curiam) (appellant failed to seek psychiatric treatment), courts may consider the failure to seek medical treatment when evaluating complaints of disabling pain. E.g., Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir.1990) (per curiam). Furthermore, the ALJ found Weeks not credible because she admitted to cooking, cleaning house, taking care of two children, driving as needed, reading, watching television, and receiving visitors "a lot." ALJ's Decision, at 5. The ALJ found that these activities belied the level of restrictions Weeks alleged. See Bogle, 998 F.2d at 348 (An ALJ "may consider the household and social activities in evaluating complaints of disabling pain or other symptoms."). Finally, Weeks's examining physicians did not detect the typical physical indicators of pain. See Mullen v. Bowen, 800 F.2d 535, 547-48 (6th Cir.1986) (en banc) (the absence of findings which normally occasion complaints of severe pain, such as muscle spasm, atrophy, reflex abnormality or loss of sensation, could support a denial of disability benefits).
 
 
 12
 Based on this evidence, which is described in greater detail in the opinions of the ALJ and the district court, there was substantial evidence supporting the Secretary's conclusion that Weeks was not eligible for SSI benefits. See ALJ's Decision, at 10. Accordingly, this court AFFIRMS the judgment of the district court.