89 F.3d 835
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley OSDRAS, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 95-1230.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1996.
 
 Before: KRUPANSKY, RYAN, and NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stanley Osdras appealed the district court's denial of social security benefits. Specifically, Osdras argued that the decision of the Secretary was not based on substantial evidence because: (1) the Secretary failed to give proper weight to the treating physician's opinion that the plaintiff was limited to sedentary work; (2) the record does not indicate that plaintiff could perform anything but sedentary work; and (3) the ALJ failed to properly assess the plaintiff's complaints of disabling pain. Also, Osdras claims that the district judge failed to give a de novo review of the Report and Recommendation after plaintiff objected to it. For the reasons given below, all of plaintiff's contentions are without merit and the decision below is AFFIRMED.
 
 
 2
 The decision of the Secretary must be upheld if supported by substantial evidence, even if the record might support a contrary decision. Smith v. Secretary of Health and Human Services, 893 F.2d 106, 108 (6th Cir.1989). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971). In evaluating the evidence, special deference is due the Secretary's credibility determinations. Hardaway v. Secretary of HHS, 823 F.2d 922, 928 (6th Cir.1987).
 
 
 3
 Substantial evidence supported the ALJ's decision to reject the findings of Dr. Fugle for two reasons. First, Dr. Fugle's opinions were set out in the record only as a series of five letters. They did not contain any of the objective medical evidence supporting his conclusions. The other doctors provided the objective medical evidence which supported their conclusions, such as flexion tests, x-ray results, range of motion tests, et cetera. Second, the other doctors were experts in the area of lower back ailments. Drs. Prasad, Charnas, Maitra and Tofaute were orthopedic surgeons, while Dr. Gass was a neurologist. Dr. Fugle was not a specialist. Each of the specialists, after an array of tests, determined that Osdras was capable of performing light work, and each supported his opinion with objective medical data. Accordingly, substantial evidence existed supporting the ALJ's decision to give credit to the opinions of the specialists rather than Dr. Fugle.
 
 
 4
 Plaintiff also complained that the Secretary and ALJ erred in determining that he was capable of light work, which is described as lifting up to 20 pounds occasionally, and lifting 10 pounds frequently. The record reveals that plaintiff's contention is without merit. First, all of the opinions of the experts disclose that plaintiff was capable of light work. Dr. Prasad only stated that that plaintiff could not perform heavy work. J.App. at 122. Dr. Gass reported that "There are, however, no objective findings that are identifiable at the present time ... I do not think he is disabled from ordinary work that does not stress his back." J.App. at 125. Dr. Charnas concluded, "It was felt that he could not return to his heavy work that he did prior to his injury. However, it was felt that he could return to light work." J.App. at 139. Dr. Maitra stated "it is my opinion that Mr. Stan Osdras has no impairment of function of his back and there is no residual of previous injury. In my opinion he is able to work and the prognosis is good." J.App. at 151. Dr. Teer stated "I would recommend that Mr Osdras can return to a type of employment that 1) does not require excessive bending, 2) does not require lifting from a bending position, 3) does not require lifting heavy weights--25 lbs. or more, and 4) that he be placed in a job that would allow him to accomplish his work using the upper part of his body as a prime source of energy." J.App. at 152. These opinions fit within the definition of light work under the guidelines.
 
 
 5
 Also, an ALJ is entitled to consider a claimant's daily activities when evaluating his credibility. Johnson v. Secretary of HHS, 948 F.2d 989, 992-93 (6th Cir.1991). In this case the plaintiff noted that he still performed the range of activities of a normal person including mowing the lawn, raking the leaves and shoveling snow. These activities are consistent with an ability to perform light work. Accordingly, the medical evidence and the plaintiff's description of his daily activities provide substantial evidence for the Secretary's conclusion that plaintiff could perform light work.
 
 
 6
 Plaintiff contended that the ALJ erred in finding that his pain was not disabling. A claimant's subjective allegations of disabling pain are insufficient by themselves to support a claim for benefits. Sizemore v. Secretary of HHS, 865 F.2d 709, 713 (6th Cir.1988). The symptoms must be substantiated by some objective clinical or laboratory findings. Hurst v. Secretary of HHS, 753 F.2d 517, 519 (6th Cir.1985). Additionally, the reviewing court must show deference to the decision of the ALJ in assessing credibility. Gooch v. Secretary of HHS, 833 F.2d 589, 592 (6th Cir.1987), cert. denied, 484 U.S. 1075 (1988). As discussed above, all of the medical evidence, except the unsupported letters of Dr. Fugle, indicated that plaintiff did not suffer objectively confirmable permanently disabling back injury. Dr. Prasad found only "mild spasm of the lumbrosacral spine" and "tenderness over the paraspinal muscles." J.App. at 121. Dr. Gass concluded that Osdras suffered "chronic back strain by history, but not confirmed by objective findings on the examination." J.App. at 125. Dr. Charnas found only a "minor myelographic defect at L4-5 on the right" but that it did not require surgery. J.App. at 134-139. He also found that motion in the back was "restricted but not markedly so." Finally, Dr. Charnas stated, "Unless the man feels that he is having sufficient pain and surgery is performed, then further treatments do not appear indicated except symptomatic care from time to time." J.App. at 142. Dr. Maitra indicated that Mr. Osdras "has no evidence of traumatic pathology effecting his musculo-skeletal structure" and "no impairment of function of his back." J.App. at 150-51. All of these opinions provide substantial evidence that Mr. Osdras' subjective complaints of pain are not "substantiated by some objective clinical or laboratory findings" as required by Hurst v. Secretary of HHS, 753 F.2d 517, 519 (6th Cir.1985). Accordingly, the ALJ was correct in rejecting plaintiff's subjective complaints of pain.
 
 
 7
 Finally, the plaintiff objected that the district court did not review the objected-to sections of the Magistrate Judge's Report and Recommendation de novo. Section 28 U.S.C. § 636(b)(1) states that "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." The Sixth Circuit, however, has indicated that a reviewing court "assume[s], absent circumstances demonstrating to the contrary, that a district judge has performed this statutory duty in a social security appeals--that the judge makes de novo review of the pertinent record." Ivy v. Secretary of HHS, 976 F.2d 288 (6th Cir.1992). The appellant offered no circumstances which demonstrate that the district court had failed to perform its statutory duty.
 
 
 8
 Accordingly, the judgment below is AFFIRMED.