110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Margaret SPAW, Plaintiff-Appellant,
v.
COMMISSIONER OF SOCIAL SECURITY, Defendant-Appellee.
 No. 96-5930.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: WELLFORD, RYAN, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 Margaret Spaw, through counsel, appeals a district court judgment affirming the Commissioner's denial of her application for social security disability insurance benefits. 42 U.S.C. § 405(g). The parties have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Spaw filed her application for benefits on July 29, 1992. Spaw alleged that she has been unable to work since August 19, 1987, because she could no longer stand and walk for prolonged periods without pain in her back and shoulder. After a hearing was held, an administrative law judge (ALJ) concluded that Spaw's impairments did not prevent her from performing her past relevant work as a furniture salesperson, or prevent her from performing a significant number of jobs in several other sales positions. Thus, the ALJ concluded that Spaw was not disabled under the regulations.
 
 
 3
 The Appeals Council granted the claimant's request for review of the ALJ's decision, and concurred with the ALJ that the claimant was not disabled. The Council disagreed with the ALJ's determination that Spaw retained the residual functional capacity to perform her past relevant work, but it concluded that Spaw could still perform sedentary level work with a sit/stand option. Thus, the Council denied benefits.
 
 
 4
 Spaw then filed a timely complaint in federal district court, on April 6, 1995. The district court granted the defendant's motion for summary judgment and denied the plaintiff's motion for summary judgment. On appeal, Spaw presents the sole issue of whether the district court erred by upholding the Appeals Council decision when the Council did not expressly identify reasons for rejecting Spaw's credibility.
 
 
 5
 There is no merit to Spaw's argument that the Appeals Council committed legal error in arriving at its conclusion that Spaw is not disabled. Where the findings of the ALJ and the Appeals Council are in conflict, the question before this court becomes whether substantial evidence supports the Appeals Council's decision. Johnson v. Secretary of Health and Human Servs., 948 F.2d 989, 992 (6th Cir.1991); Mullen v. Bowen, 800 F.2d 535, 538 (6th Cir.1986) (en banc). Pursuant to 20 C.F.R. § 404.983, the Appeals Council modified the ALJ's hearing decision by disagreeing with the ALJ's determination that Spaw could no longer meet the exertional requirements of her past relevant work. However, the Appeals Council did not disturb the ALJ's findings regarding the credibility surrounding Spaw's subjective pain complaints and found that, under 20 C.F.R. § 404.1529, the pain complaints were "not credible to the extent alleged."
 
 
 6
 This court is permitted to look to any evidence in the record that may support the Council's decision, regardless of whether it was cited in the Commissioner's final decision. Walker v. Secretary of Health and Human Servs., 884 F.2d 241, 245 (6th Cir.1989). Because the Appeals Council's decision is supported by substantial evidence, this court will not reverse the Appeals Council's final decision to deny benefits. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 7
 Accordingly, the district court's order is affirmed.