Antonio WALKER, a Minor, by and through his Grandmother, Frankie Walker, Plaintiff–Appellee,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellant.

No. 02–3032.

United States Court of Appeals, Sixth Circuit.

Aug. 5, 2003.

Before MOORE and GIBBONS, Circuit Judges, and SCHWARZER,* Senior District Judge.

SCHWARZER, Senior District Judge.

Antonio Walker (Antonio) applied for Child's Supplemental Security Income (SSI), claiming disability due to lead poisoning and as a slow learner. The application was denied initially and upon reconsideration, and Antonio requested a hearing. An Administrative Law Judge (ALJ) held a hearing and issued a decision finding that Antonio was not disabled and therefore not entitled to SSI. On appeal, the district court rejected the Commissioner's position that, in order to be found disabled under listing 112.05, subpart D, Antonio had to establish that his

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

1. In his brief, Antonio does not try to defend the district court's ruling that there is no separate requirement to prove mental retardation since that ruling predated the decision

impairment satisfied the diagnostic description of mental retardation in listing 112.05 Mental Retardation.[1] It reversed the Commissioner's decision and ordered benefits awarded to Antonio on the ground that his impairments met the requirements of subpart D of listing 112.05. The Commissioner appealed. The district court had jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3), and we have jurisdiction under 28 U.S.C. § 1291. Finding that the district court's legal analysis was in error and that the ALJ's decision was supported by substantial evidence, we reverse the district court and affirm the ALJ's decision.

## DISCUSSION

### I. THE DISTRICT COURT ERRED IN ORDERING AWARD OF BENEFITS UNDER LISTING 112.05D

In his underlying application and in the proceedings before the Commissioner, Antonio did not claim disability on the ground that his impairments met or equaled listing 112.05D. The sole issue presented to the ALJ by counsel at the hearing on July 21, 1997, was whether Antonio's impairments functionally equaled listing 112.11 Attention Deficit Disorder. Thus, at the opening of the hearing the following colloquy occurred:

> ALJ: In your brief you think that … Antonio here functionally equals which listing?
>
> ATTY:112.11, Judge, the Attention Deficit Disorder, Hyperactivity Disorder.

---

in *Foster v. Halter,* 279 F.3d 348 (6th Cir. 2001). That decision establishes that a claimant must demonstrate that her impairment satisfies the diagnostic description for the listed impairment in order to be found disabled under it.

ALJ: Okay. And—Well first of all why doesn't he meet that?

ATTY: Well maybe he does. I ... just find it easier to ... qualify under functionally equivalent. As I indicated in my brief I ... don't consider myself particularly skilled at determining when individuals meet particular listings. I'm glad to hear what the doctor has to say about that. But certainly he does have a ADHDs, at least been diagnosed with that. I'm not 100 percent sure he has all the different features that ... 112.11 requires for the part A, but if he does certainly he has the 2 markeds under B it will qualify.

Because Antonio did not assert a disability claim under listing 112.05 Mental Retardation, he was not entitled to an award of benefits under that listing.

## II. EVEN IF A CLAIM UNDER LISTING 112.05 HAD BEEN MADE, SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S DECISION DENYING BENEFITS

We review the ALJ's decision for substantial evidence. *Johnson v. Secretary of HHS*, 948 F.2d 989, 991 (6th Cir.1991).

The only medical expert to testify at the hearing was Dr. Terry Schwartz. He testified that Antonio's impairments did not meet or equal any listed impairment; his testimony was not limited to whether Antonio's impairments met or equaled listing 112.11 Attention Deficit Disorder. He testified as follows:

Q. And are you familiar with the Social Security listings of impairments?

A. I am, Your Honor.

Q And in your opinion do any of Antonio Walker's impairments meet or equal any of the listed impairments?

A. I don't believe they meet or equal listings in terms of how they're defined, no.

Q. And specifically you're talking about listing 112.11?

A. I do not believe he meets or equals that listing.

Q. Why doesn't he meet that listing?

A. Well a couple of reasons. Reason number one, you have no diagnosis here of no one in the entire file that I can see diagnosis of ADD or ADHD. No one comes to that conclusion number one. Number two then when you look at the conclusions that all the raters come to in terms of the diagnoses, the worst he gets is somewhere between fluctuating between mild to moderate in his diagnosis. So if you look at either of these ways of looking at the young man he wouldn't meet or equal.

Q. And what about Antonio's impairments? Would they be functionally equivalent to any listing, not only 112.11, but any other listing?

A. I don't believe that, that would be the case. You have school personnel who have looked closely at him saying that he's functioning pretty well in a school setting. He very well may need some specialized help with his verbal abilities. I don't think that's in questions [sic]. But I think that with that help there shouldn't be any marked or severe problems that he would have along the way.

This testimony was not challenged or contradicted. It provides substantial evidence to support the ALJ's finding that "[t]he claimant does not have an impairment or combination of impairments that meet(s) or medically or functionally equal(s) the requirements of a listing in the Listings of Impairments in appendix 1 of subpart P, Regulations No. 4."

### CONCLUSION

For the reasons stated, the judgment of the district court is REVERSED and the

decision of the Commissioner denying benefits AFFIRMED.