**NOT RECOMMENDED FOR PUBLICATION**
**File Name: 18a0238n.06**

**No. 17-3970**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

**FILED**
May 10, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| RAUL GARCIA, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE |
| | ) | NORTHERN DISTRICT OF |
| COMMISSIONER OF SOCIAL SECURITY, | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | OPINION |
| | ) | |
| | ) | |

**BEFORE:** **DAUGHTREY, STRANCH, and THAPAR, Circuit Judges.**

**JANE B. STRANCH, Circuit Judge.** Petitioner Raul Garcia seeks review of the district court's decision affirming the Appeals Council's determination that Garcia was not without fault for a benefit overpayment of $37,425.40. According to Garcia, he submitted incomplete information about his workers' compensation benefits, which would have offset his Social Security benefits if properly reported, only because he misunderstood the Social Security Administration's requests for information. An Administrative Law Judge found this explanation compelling and waived overpayment after deeming Garcia to be without fault. The Appeals Council reversed after finding that the evidence in the record instead indicated that Garcia was not without fault. This court reviews only the final agency action, here the decision of the Appeals Council, and asks whether it is supported by substantial evidence. Because we find that it is, we **AFFIRM**.

## I.          BACKGROUND

Garcia worked for the United States Postal Service until his retirement at the end of 2011. He suffered multiple on-the-job injuries and submitted four separate workers' compensation claims, dated September 2008, February 2010, August 2011, and October 2011. Amid these injuries, Garcia applied for disability insurance benefits under Title II of the Social Security Act. Garcia disclosed in his April 2011 application that he had filed or intended to file for workers' compensation claims. Specifically, Garcia noted that he had two pending workers' compensation claims and one approved claim at the time of his application. He indicated that he understood the notice requirements related to these claims: "I must notify Social Security immediately if I am awarded monetary compensation or if my claims are approved/denied." The Social Security Administration (the Administration) denied this initial application in May 2011.

Garcia filed a second application for disability insurance benefits in early 2012. He again indicated that he had filed or intended to file for workers' compensation benefits but was not yet receiving any. The Social Security records for that application show that Garcia said he was not receiving periodic workers' compensation payments and had not received a lump sum award, but that he had a still-pending claim. The Administration awarded Garcia monthly disability benefits starting in April 2012. The notice of benefits details what to do in the case of a workers' compensation award:

> If you receive workers' compensation and/or public disability payments, we may have to reduce your Social Security benefits. At that time, we may also have to recover any money that should not have been paid. Please let us know as soon as a decision is made on your claim for these payments.

Social Security followed up with Garcia via survey form in July 2012 and March 2013. In July 2012, Garcia responded that his workers' compensation claim had not been awarded or denied but was instead still pending. He indicated that he expected a decision in 2013. Garcia

provided a similar status update in March 2013, except that he annotated the survey form to say that his workers' compensation "award" (as opposed to "claim") remained pending and he did not know when to expect a decision. In his March 2013 response, Garcia agreed to report workers' compensation benefits and agreed to promptly "repay any overpayment created" as a result of such benefits.

The Administration again followed up with Garcia in March 2014. He then disclosed that he had been receiving monthly workers' compensation payments since October 2012. The Administration confirmed Garcia's workers' compensation benefits with the Department of Labor before determining that Garcia's workers' compensation benefits should have reduced or offset Garcia's disability insurance benefits significantly. Determining that Garcia had been overpaid by $37,425.40, the Administration sought repayment. Garcia filed a request for a waiver of recovery, which the Administration denied after finding that Garcia was not without fault. Garcia then sought and received a hearing before an Administrative Law Judge (ALJ).

Garcia testified at the hearing that he had provided the Administration with paperwork regarding his workers' compensation payments back in February 2012, and he therefore assumed that the update questionnaires related to a still-outstanding lump sum payment. The ALJ accepted Garcia's explanation that he was confused by the Administration's forms and granted him a waiver. The Appeals Council issued a Notice of own-motion review and reversed the ALJ's favorable decision. Garcia appealed the final agency action to the district court, which affirmed the Appeals Council, and the case is now before us.

## II.        ANALYSIS

### A.        Jurisdiction & Standard of Review

Jurisdiction exists over this appeal under 28 U.S.C. § 1291 because the district court rendered a final appealable order. When reviewing a district court's decision in a Social Security

case, "[w]e apply the same standard of review as the district court," and we "uphold the Commissioner's decision if it is supported by substantial evidence." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 237 (6th Cir. 2002); *see also* 42 U.S.C. § 405(g) (providing that "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Where the Appeals Council and the ALJ have reached different conclusions, the decision of the Appeals Council serves as the Commissioner's final agency action that is subject to our review. *Mullen v. Bowen*, 800 F.2d 535, 546 (6th Cir.1986) (en banc). "A showing of substantial evidence to support the position of the plaintiff will not defeat the Appeals Council's decision if the record has substantial evidence to support the Appeals Council's decision as well." *Johnson v. Sec'y of Health & Human Servs.*, 948 F.2d 989, 992 (6th Cir. 1991) (citing *Kinsella v. Schweiker*, 708 F.2d 1058 (6th Cir.1983) (per curiam)). In other words, even if the facts in the record support multiple conclusions, we will affirm the determination of the Appeals Council if it is supported by substantial evidence. *Id.* at 992–93.

### B.    Overpayment

The Social Security Act provides that when a claimant has been overpaid, "proper adjustment or recovery shall be made." 42 U.S.C. § 404(a). An overpayment is the difference between the amount paid to the claimant and the amount the claimant was actually entitled to receive under the Act. 20 C.F.R. § 404.504. In the case of an overpayment, "there shall be no . . . recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience." 42 U.S.C. § 404(b)(1). The regulations instruct that a fault determination turns on whether the overpayment resulted from:

    (a) An incorrect statement made by the individual which he knew or should have known to be incorrect; or

    (b) Failure to furnish information which he knew or should have known to be material; or

    (c) With respect to the overpaid individual only, acceptance of a payment which he either knew or could have been expected to know was incorrect.

20 C.F.R. § 404.507. If the claimant is not without fault, then he is not entitled to a waiver of overpayment, and the Administration will pursue recovery. *Id.* § 404.511. Here, the ALJ determined that Garcia was without fault, but the Appeals Council reached the opposite conclusion. At issue now is whether the Appeals Council's findings as to fault are supported by substantial evidence.

### C. Substantial Evidence

Substantial evidence supports the Appeals Council's decision. The Appeals Council noted that Garcia furnished information he knew or should have known to be incorrect when he returned the forms in July 2012 and March 2013 but did not disclose his monthly workers' compensation payments. Even as he withheld information about these payments, the Appeals Council noted, Garcia knew or should have known that this information was material—at least one of the forms unambiguously stated as much. Garcia asserted that he assumed the forms referred to the outstanding lump sum award, but neither form distinguishes between monthly payments and lump sum payments, nor cabins the type of information sought. The Appeals Council also noted that although Garcia claimed to have informed the Administration of his workers' compensation benefits in February 2012, the documents to which he referred lacked both receipt stamps and payment information. He therefore "accepted payments which he either knew or could have been expected to know were incorrect."

Although not specifically mentioned by the Appeals Council, at least two other facts in the record support the Appeals Council's findings. First, the record contains notes from an early 2013 call Garcia had with the Department of Labor in which he was advised that the Administration would "likely need to know about the [workers'] comp[ensation] he receives from us as they will likely need to offset their comp[ensation]." Second, Garcia's initial application from April 2011 mentioned three of his workers' compensation claims and confirmed that he knew that he was to notify the Administration if he was "awarded monetary compensation."

Taken together, the facts in the record provide substantial evidence to support the Appeals Council's decision. Although substantial evidence of a lack of fault also arguably exists, it is not for this court to choose between two factually supportable outcomes; we consider only whether Appeals Council's decision finds adequate support in the record. Because it does, we affirm.

### D.     Garcia's Arguments

Garcia raises several arguments in support of reversing the district court, none of which are availing. First, Garcia argues that the Appeals Council was bound by the same substantial evidence standard that governs our review. This is not so. The regulations instruct that "[i]f the Appeals Council issues its own decision, it will base its decision on the preponderance of the evidence." 20 C.F.R. § 404.979. The preponderance of the evidence standard still applies even if the Appeals Council's notice of review cites a lack of substantial evidence as one of the reasons animating its decision to initiate an own-motion review. *See* 20 C.F.R. § 404.970(a) (setting forth circumstances that will trigger review by the Appeals Council). Thus, even if a lack of substantial evidence triggers review by the Appeals Council, that deficiency does not alter the standard of review. So although Garcia's notice stated that the Appeals Council was

undertaking review of the ALJ's decision because it was not supported by substantial evidence, the review by the Appeals Council remained subject to the preponderance of the evidence standard.

Garcia next argues that the Appeals Council erroneously failed to defer to the ALJ's credibility determinations. The ALJ found credible Garcia's explanation for his failure to submit information regarding his worker's compensation benefits: He was confused by the forms and thought they sought information about only an outstanding lump sum payment. The ALJ also noted that these forms differed from those Garcia had completed when he initially applied for SSI benefits. According to the ALJ, the different forms "len[t] credence" to Garcia's claim of confusion. The Appeals Council may reject an ALJ's credibility determination, but "it should do so expressly, identifying the considerations which led it to its conclusion." *Beavers v. Sec'y of Health, Ed. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (citing *Combs v. Weinberger*, 501 F.2d 1361 (4th Cir. 1974)). Here, the Appeals Council specifically articulated its reasons for rejecting this credibility determination. First, the Council noted that the ALJ did not reconcile this testimony with the conflicting record evidence. Second, the Council found that the record evidence shows that the Administration sent Garcia the proper follow-up forms. Third, the Appeals Council concluded that the record did not support Garcia's claims that he had submitted any information about his workers' compensation payments. The decision of the Appeals Council adequately supported its determination to reject the ALJ's assessment of Garcia's credibility.

Garcia also argued that the district court erred by failing to find that the decision of the ALJ was supported by substantial evidence. But, as discussed above, the district court's review

was cabined to applying the substantial evidence to the decision of the Appeals Council. Accordingly, this argument is without merit.

### III.     CONCLUSION

Although the record in this case could arguably support a determination that Garcia was without fault, we may not substitute our judgment for that of the Appeals Council on this record. The decision of the Appeals Council is supported by substantial evidence.   We therefore **AFFIRM**.